IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
MAR 13 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Robert D. Edwards,  )
    Petitioner,  )
      )
v.  )    1:11cv951 (GBL/JFA)
      )
Harold W. Clarke,  )
    Respondent.  )

MEMORANDUM OPINION

This Matter is before the Court on respondent's Motion to Dismiss this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Robert D. Edwards, a Virginia inmate. Petitioner challenges the validity of his conviction following a bench trial in the Circuit Court for the City of Portsmouth, Virginia. On January 9, 2012, Respondent filed a Rule 5 Answer along with a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but has filed no response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and this petition will be dismissed.

I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of Portsmouth, Virginia entered on May 6, 2009. R. No. 08-002344-01 and -02. Following a bench trial, petitioner was convicted of distribution of a controlled substance on school property and possession of a controlled substance with intent to distribute, third or subsequent offense. The trial court sentenced petitioner to thirty years in prison, with fifteen years suspended,

resulting in a total active sentence of fifteen years.  Id.

Petitioner appealed his conviction to the Court of Appeals of Virginia, arguing the evidence was insufficient to sustain his conviction.  R. No. 1040-09-1.  The Virginia Court of Appeals denied the petition for appeal on November 4, 2009.  Id.  Petitioner filed for further appeal in the Supreme Court of Virginia, which refused his petition for appeal on March 18, 2010.  R. No. 092368.

On July 29, 2010, petitioner filed a state habeas corpus petition in the Supreme Court of Virginia raising the following claims:

> (a) Trial counsel was ineffective for advising petitioner to reject two plea offers from the Commonwealth, either of which would have allegedly resulted in petitioner receiving an active sentence of five years.
>
> (b) Appellate counsel was ineffective for failing to argue the errors of trial counsel in petitioner's appeal.
>
> (c) Trial counsel was ineffective for advising petitioner that he would receive an active sentence of between two years and four months and two years and eight months.
>
> (d) Appellate counsel was ineffective for not raising the errors of trial counsel on appeal because if appellate counsel done so effectively petitioner would have received a new sentencing.

State Pet. at 3-4.  After consideration on the merits, the Supreme Court of Virginia denied and dismissed the petition.  R. No. 101458.

On or about August 11, 2011,[1] petitioner timely filed the instant federal habeas petition

---

[1] A pro se petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).  In his petition, petitioner avers that he placed his petition in the prison

2

raising claims that are identical to claims (a) and (d) presented in the state habeas petition. Based on the pleadings and record before this Court, it is uncontested that petitioner exhausted all of his claims as required under 28 U.S.C. § 2254.[2]  Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."  Id. at 413.  Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to

---

mailing system on August 11, 2011.  Therefore, the petition will be deemed filed as of that date.
[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court.  28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973).  To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state

3

the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

Both of petitioner's claims allege ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

---

habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

The two-part <u>Strickland</u> test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the <u>Strickland</u> test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . <u>McMann v. Richardson</u>,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." <u>Id.</u> at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Id.</u> at 59; <u>see also</u> <u>Burket v. Angelone</u>, 208 F.3d 172, 190 (4th Cir. 2000).

A. <u>Claim 1</u>

In petitioner's first claim, he asserts that trial counsel rendered ineffective assistance because she advised him to reject two plea offers from the Commonwealth, either of which would have allegedly resulted in petitioner receiving a total active sentence of five years. When petitioner raised the same claim during his state habeas proceeding, the Virginia Supreme Court rejected it on the following basis:

> [C]laim (a) fails to satisfy the "prejudice" prong of the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The record, including the trial transcripts, demonstrates that on the morning of trial, counsel informed the court she had misinformed petitioner of his sentencing range when discussing a prior plea offer with him. Petitioner only proffers evidence of a single plea offer, which explicitly stated that there was no agreement as to sentencing. Petitioner fails to substantiate his claim that had he accepted the plea offer he would have been sentenced to only the five-year minimum, given the range set by the legislature is five years to life. Petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

R. No. 1187569 at 2.

Review of the record and petitioner's attachments reflect that the Commonwealth only made one plea offer. Trial counsel informed the trial court that "<u>an offer</u>" had been presented to her client. Trial Tr. at 11, Mar. 11, 2009. Additionally, petitioner only submits evidence of one plea offer and nothing in the record corroborates his allegation of a second plea offer. See Pet'rs Attach. A; ECF No. 1 at 20.

Furthermore, under the proposed plea offer petitioner could have pled guilty to the lesser charge of possession with intent to distribute second offense. Id. However, the plea offer explicitly stated there would be "no agreement as to sentencing." Id. Thus, even if petitioner had accepted the plea, the applicable sentencing guidelines provided the court discretion to sentence petitioner to a term of "imprisonment for life or for any period not less than five years. . . ." Va. Code § 18.2-248(C). Given the trial court's broad discretion to determine an appropriate sentence and the fact that the plea offer did not include an agreed sentence or even a sentence recommendation, petitioner's claim that his active sentence would be only five years if he accepted the plea offer is no more than speculation. Accordingly, petitioner cannot establish that but for counsel's alleged errors there is a "substantial" probability that the length of his sentence would have been different. See Harrington v. Richter, 131 S.Ct. 770, 792 (2011) ("The likelihood of a different result must be substantial, not just conceivable."). Thus, the foregoing holding by the Virginia Supreme Court was both factually reasonable and not contrary to, nor an unreasonable application of federal law; nor was it based on an unreasonable finding of fact. Therefore, claim (1) of this petition must be dismissed. Williams, 529 U.S. at 412.

B. Claim 2

In his second claim, petitioner alleges he received ineffective assistance because his appellate counsel failed "to raise meritorious claim[s] on appeal." Pet. at 17, ECF No. 1. In support of his claim he contends that the mandatory minimum sentence should not have applied to his case and he should have received a new sentencing hearing. Id. Therefore, construing the claim liberally, as is appropriate with pro se pleadings, this claim is the same as claim (d) in the state habeas petition. When petitioner raised this claim in his state habeas petition, the Supreme Court of Virginia found it without merit, explaining:

> [C]laim (d) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The selection of the issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Also claims of ineffective assistance of counsel are not cognizable on direct appeal. Lenz v. Commonwealth, 261 Va. 451, 460, 544 S.E.2d 299, 304 (2001).

R. No. 1187569 at 4-5.

Initially, it must be noted that petitioner does not identify the specific errors of trial counsel that he believes appellate counsel should have raised. Regardless, it is well-settled that defense counsel is not constitutionally required to raise every non-frivolous claim on appeal. See, e.g., Jones v. Barnes, 463 U.S. 745, 751 (1983). Furthermore, as the Virginia Supreme Court noted, ineffective assistance of counsel claims are not cognizable on direct appeal. Thus, even if petitioner's ineffective assistance claim was meritorious it could not have been properly brought during his direct appeal. As such, the finding of the state habeas court was not contrary

to or an unreasonable application of federal law; nor was it based on an unreasonable finding of fact. Williams, 529 U.S. at 412. Accordingly, this Court must defer to the ruling of the state court and claim 2 must be dismissed.

## IV. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this \_\_\_\_\_ day of \_\_March\_\_\_\_\_ 2012.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia